Case 2:22-cv-00157   Document 12   Filed on 09/30/22 in TXSD   Page 1 of 15

United States District Court
Southern District of Texas
**ENTERED**
September 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00157 |
| | § | |
| ROSALINDA TREVINO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE**

Plaintiff Jewell Thomas, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims against Defendants under the Fourteenth Amendment, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5)(A), the Rehabilitation Act (RA), 29 U.S.C. § 794, and Tex.Rev.Civ.Stat.Ann. art. 6166a (Vernon's 1976) (Texas Statute 6166a). Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.

For the reasons set forth below, the undersigned respectfully recommends that: (1) Plaintiff's § 1983 claims for money damages against **Major Rosalinda Trevino and Deputy Warden Juan Nunez** in their official capacities be **DISMISSED without prejudice** as barred by the Eleventh Amendment; and (2) Plaintiff's due process, ADA/RA, and Section 6166a claims against **Defendants** in their respective individual and

official capacities be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is housed at the McConnell Unit in Beeville, Texas. Plaintiff's allegations in this case arise in connection with his current housing assignment.

In this action, Plaintiff names the following defendants: (1) Major Rosalinda Trevino (Trevino); (2) Deputy Warden Juan Nunez (Nunez); and (3) TDCJ Director Bobby Lumpkin (Lumpkin). Plaintiff generally claims that Defendants violated his due process, ADA, and RA claims, as well as the policy set forth in Texas Statute 6166a, in connection

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

with a disciplinary proceeding brought against Plaintiff. Plaintiff seeks monetary relief. (D.E. 1, p. 4; D.E. 9-1, p. 4; D.E. 10, p. 17).

On August 30, 2022, the undersigned conducted a *Spears*[2] hearing where Plaintiff was given an opportunity to explain his claims. The following representations were made either in Plaintiff's Original Complaint (D.E. 1), Supplemental Complaint (D.E. 9), or at the *Spears* hearing. At the time of the *Spears* hearing, Plaintiff was fifty years old. (D.E. 10, p. 5) He is 6'0" tall and weighs 213 pounds. (*Id.*). Plaintiff arrived at the McConnell Unit on October 1, 2021. (*Id.* at 4).

On February 8, 2022, Officer Jorge Medina brought a disciplinary case against Plaintiff, charging him with assaulting an officer. (*Id.* at 5-6). Trevino was the disciplinary hearing officer (DHO) who presided at Plaintiff's disciplinary hearing. (*Id.* at 6). According to Plaintiff, Trevino violated his due process rights by denying Plaintiff's mental health records from being admitted into evidence at the hearing. (*Id.* at 6-7). Plaintiff testified that, at the time of the alleged assault on the unit officer, he was in mental health distress. (*Id.*). Plaintiff was hearing voices, hallucinating, and was under the belief a bomb had been placed inside the food tray with which he ended up striking the officer. (*Id.* at 7-8). Plaintiff testified that he has a history of mental illness and had been reporting his symptoms in his sick calls and grievances. (*Id.* at 8).

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

In denying admission of Plaintiff's mental health records, Trevino stated they were irrelevant. (*Id.*). Trevino found Plaintiff to be guilty of assault with no injuries. (*Id.*). Trevino imposed the following punishments: (1) increase in custody level; (2) loss of 120 days of good time credits; (3) reduction in line class; (4) loss of forty-five days of commissary and recreation; and (5) loss of fifty days of telephone privileges. (*Id.* at 9-10).

Plaintiff appealed his disciplinary conviction through the grievance process. (*Id.* at 10). Nunez denied Plaintiff's Step 1 grievance, affirming Plaintiff's conviction. (*Id.*). Plaintiff has not received a response to his Step 2 grievance. (*Id.*).

With respect to Plaintiff's ADA/RA claims, Plaintiff states that a "disciplinary hearing is considered a program" within the meaning of these statutes. (*Id.* at 11-12). Plaintiff asserts that Trevino denied him a reasonable accommodation for his disabilities in the form of allowing a mental health professional to review and explain his medical records and then admitting the records into evidence. (*Id.*). According to Plaintiff, Trevino has a policy and practice of not allowing evidence or taking into consideration a person's disabilities. (*Id.* at 12).

Plaintiff seeks to hold Nunez liable under the ADA/RA due to his failure to reverse Trevino's decision in the disciplinary appeal and order him to review the medical records. (*Id.* at 13-14). Plaintiff further believes that Nunez has a policy of discrimination in that he fails to take into account an inmate's mental health or disabilities into consideration. (*Id.* at 15). With respect to his due process and ADA/RA claims, Plaintiff sues Trevino and Nunez in their individual and official capacities. (*Id.* at 12, 15).

Plaintiff seeks to hold Lumpkin liable in his individual and official capacities with respect to his ADA/RA claims. (*Id.* at 15-17). Plaintiff states that Lumpkin has implemented and enforced discriminatory policies causing him harm. (*Id.* at 16).

Lastly, Plaintiff seeks to sue Defendants in their individual capacities for violating state policy set forth in Texas Statute 6166a. (*Id.* at 16-17).

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

## IV.   DISCUSSION

### A.   Plaintiff's § 1983 Claims

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law

if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

### (1) Eleventh amendment immunity and Official Capacity

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff sues Trevino and Nunez in their official capacities for monetary damages, those § 1983 claims are barred by the Eleventh Amendment. Thus, it is respectfully recommended that Plaintiff's claims for money damages against these individual defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

### *(2) Due Process*

Plaintiff claims that Trevino, as the presiding DHO at Plaintiff's disciplinary hearing, violated his due process rights by denying Plaintiff's mental health records from being admitted into evidence at the hearing. (D.E. 10 at 6-7). Plaintiff testified that evidence of his history of mental illness was important in defending against the charge of assaulting an officer and that he "should not have been punished for something … [he] had no control over." (*Id.* at 8). Plaintiff further claims that Nunez violated his due process rights when he denied Plaintiff's Step 1 grievance appealing the disciplinary conviction and affirmed Plaintiff's disciplinary conviction. (*Id.* at 10).

The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "It is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted . . . .'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87).

The *Heck* doctrine also operates to bar prisoners from seeking injunctive relief or otherwise challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the

invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims for injunctive relief that were fundamentally intertwined with his request for restoration of good-time credits).

Granting Plaintiff relief as to his due process claims would necessarily imply the invalidity of his disciplinary conviction for assaulting an officer and any punishment imposed by Trevino. *See Terrell v. O'Neil*, No. 9:20cv107, 2021 WL 3738839, at *2 (E.D. Tex. Aug. 24, 2021) (concluding that a finding in favor of inmate's due process claim, where he challenges a prison official's decision to disregard evidence of innocence, "would therefore necessarily imply that his disciplinary conviction was invalid"). Plaintiff's testimony reflects that his disciplinary conviction for which he was sanctioned has not been overturned on appeal or set aside in a habeas corpus proceeding. Because Plaintiff has not successfully had this disciplinary decision set aside, he cannot seek any relief in this case with respect to his due process claims. Thus, the undersigned respectfully recommends that Plaintiff's due process claims against Trevino and Nunez be dismissed as frivolous and/or for failure to state a claim for relief.

### B. ADA/RA Claims

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, under the RA, "[n]o qualified individual with a

disability . . . shall, solely by reason of her or his such disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794(a).

"The RA is operationally identical to the ADA in that both statutes prohibit discrimination against disabled persons; however, the ADA applies only to public entities while the RA applies to any federally funded programs or activities, whether public or private." *Borum v. Swisher County*, No. 2:14-CV-127-J, 2015 WL 327508, at *3 (N.D. Tex. Jan. 26, 2015) (citing *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010)). Courts utilize the same standards in analyzing claims under both the ADA and RA. *See Frame v. City of Arlington*, 657 F.3d 215, 223-24 (5th Cir. 2011). The undersigned, therefore, will analyze Plaintiff's ADA/RA claims as though they were raised as a single claim. *See Borum*, 2015 WL 327508, at *3.

To establish a valid ADA claim, a plaintiff must show that (1) he is a qualified individual with a disability within the meaning of the ADA; (2) he was excluded from participation or denied meaningful access to services, programs, and activities, or that he was otherwise discriminated against by defendants; and (3) such exclusion, denial of benefits, or discrimination is by reason of his disability. *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997). A plaintiff is entitled to recover monetary damages under either the ADA or RA only if he or she also proves that the discrimination was intentional. *Cadena v. El Paso, Cnty.*, 946 F.3d 717, 724 (5th Cir. 2020). *See also Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) ("A plaintiff

asserting a private cause of action for violations of the ADA or the RA may only recover compensatory damages upon a showing of intentional discrimination").

### (1) Individual Capacity

Plaintiff sues Trevino, Nunez, and Lumpkin in their individual capacities with respect to his ADA/RA claims. A plaintiff may not sue defendants in their individual capacities under the ADA. *See Nottingham*, 499 F. App'x at 376, n.6; *Roberts v. Cooper*, No. 6:22cv102, 2022 WL 2442798, at *4 (E.D. Tex. Apr. 29, 2022). Likewise, a plaintiff cannot sue a defendant in his individual capacity under the RA. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999); *Payne v. Sutterfield*, No. 2:18-CV-084, 2021 WL 3173902, at *3 (N.D. Tex. Jul. 27, 2021). Accordingly, the undersigned respectfully recommends that Plaintiff's ADA/RA claims against Trevino, Nunez, and Lumpkin in their individual capacities be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### (2) Official Capacity

Plaintiff also brings his ADA/RA claims against Trevino, Nunez, and Lumpkin in their official capacities. The Fifth Circuit has held that state officers sued in their official capacities are proper defendants in suits brought under the ADA. *See McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412-14 (5th Cir. 2004) ("Defendants have been sued in their official capacities and are therefore representing their respective state agencies ( which are proper Title II defendants) for all purposes except the Eleventh Amendment.").

Plaintiff claims that Trevino violated his ADA/RA rights when he refused to allow a mental health professional to review and explain his mental health records and then denied admitting the records into evidence. (D.E. 10 at 11-12). Plaintiff, in turn, claims that Deputy Warden Nunez violated his ADA/RA rights by failing to reverse Trevino's decision in the disciplinary appeal and order a review of the mental health records. (*Id.* at 13-14). Plaintiff asserts that Trevino, Nunez and Lumpkin engaged in a policy and practice of not allowing evidence or taking into consideration a person's disabilities. (*Id.* at 12, 15-16).

In *Gutierrez Martinez v. Ross-Taylor*, 67 F. App'x 243, 2003 WL 21140057 (5th Cir. Apr. 23, 2003), the Fifth Circuit held the inmate Gutierrez's ADA claim was "in fact a thinly veiled challenge to the validity of his disciplinary conviction." *Id.* The Fifth Circuit held that "absent proof that his disciplinary convictions have been overturned or otherwise declared invalid, Gutierrez cannot bring a civil action seeking damages based on a finding of guilt in his disciplinary cases, because success on his civil claim would necessarily imply the invalidity of his disciplinary convictions." *Id.* (citing *Clarke*, 154 F.3d at 189). Similar to the plaintiff in *Gutierrez*, Plaintiff's ADA/RA claims also constitute thinly veiled challenges to his disciplinary conviction. Plaintiff, therefore, cannot bring his ADA/RA claims "absent a showing the conviction has been overturned or otherwise declared invalid, which he has not done." *See Williams v. Bergt*, No. 5:18cv63, 2019 WL 7560433, at *2 (E.D. Tex. Apr. 15, 2019), *adopted* 2019 WL 5558060 (E.D. Tex. Oct. 29, 2019)..

Even if Plaintiff's ADA/RA claims could be considered separate from his disciplinary proceeding, Plaintiff has failed to state a claim for relief. In considering Plaintiff's ADA/RA claims, the undersigned will assume that his allegations of having numerous mental health impairments, accepted as true, are sufficient to state he is a "qualified individual with a disability."

Plaintiff testified at the *Spears* hearing that Trevino determined Plaintiff's mental health records to be irrelevant with respect to whether he had in fact assaulted an officer. (D.E. 10 at 8). Plaintiff alleges no specific facts to indicate that Trevino's decision was motivated by reason of his mental health disabilities or that such discrimination was intentional. Plaintiff further alleges in a conclusory fashion that Defendants have adopted or implemented policies where they do not allow evidence or take into consideration a person's disabilities during a disciplinary proceeding. Plaintiff neither points to any such written policies in place nor alleges that any such practice was widespread.

Accordingly, the undersigned respectfully recommends that Plaintiff's ADA/RA claims against Defendants in their official capacities be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### C. State Policy

Plaintiff testified at the *Spears* hearing that he seeks to sue Defendants in their individual capacities for violating state policy set forth in Texas Statute 6166a. (D.E. 10 16-17). When this policy was in effect, it provided "that the prison system shall be managed and operated in a manner consistent with the operation of a modern prison system,

and that all inmates shall receive humane treatment." *See Ruiz v. Estelle* 503 F. Supp. 1265, 1381 (S.D. Tex. Dec. 12, 1980), *aff'd in part, rev'd in part*, 679 F.2d 1115 (5th Cir. 1982) (citing Texas Statute 6166a).  However, this statute has long since been repealed. *See* Acts 1989, 71st Leg., ch. 212, § 3.03, eff. Sept. 1, 1989.  Plaintiff otherwise alleges nothing to suggest that Defendants violated his constitutional rights with respect to the policy set forth therein.

Accordingly, the undersigned respectfully recommends that Plaintiff's claims against Defendants in their individual capacities, based on the policy set forth in repealed Texas Statute 6166a, be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

## V.   RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that: (1) Plaintiff's § 1983 claims for money damages against **Rosalinda Trevino and Juan Nunez** in their official capacities be **DISMISSED** as barred by the Eleventh Amendment; and (2) Plaintiff's due process, ADA/RA claims, and Texas Statute 6166a claims against **Defendants** in their respective individual and official capacities be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).  It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on September 30, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).