United States District Court
Southern District of Texas
**ENTERED**
December 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JEWELL THOMAS,       Plaintiff, V. ROSALINDA TREVINO, et al.,       Defendants. | § § § § § § § § § § |

CIVIL ACTION NO. 2:22-CV-00157

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 12). The M&R recommends that:

(1) Plaintiff's 42 U.S.C. § 1983 claims for money damages against Major Rosalinda Trevino and Deputy Warden Juan Nunez in their official capacities be dismissed without prejudice as barred by the Eleventh Amendment;

(2) Plaintiff's due process; Americans with Disabilities Act ("ADA") 42 U.S.C. § 12112(b)(5)(A); Rehabilitation Act ("RA"), 29 U.S.C. § 794; and TEX. REV. CIV. STAT. Ann. art. 6166a (1976) claims against Defendants in their respective individual and official capacities be dismissed with prejudice as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and

(3) the dismissal of this case count as a strike for the purposes of 28 U.S.C. § 1915(g).

(D.E. 12, p. 1–2). Plaintiff filed a letter opposing the M&R, containing what the Court will construe as written objections. (D.E. 15); *see* 28 U.S.C. § 636(b)(1)(C).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.

1989) (per curiam).

## I. Plaintiff's Objections to the M&R

### A. Plaintiff's ADA and RA Claims

Here, Plaintiff objects to the M&R's recommendation that his ADA and RA claims should be dismissed. *See* (D.E. 15, p. 1, 4–5). Plaintiff argues that the M&R is "flawed by statute and important precedent." *Id.* at 1.

In support, Plaintiff first appears to argue that he was entitled to be placed in the LMHA Restrictions Program, and his not being put in this program is a violation of the ADA and RA. *See id.* at 2. According to Plaintiff, this program allows for prisoners with mental health issues to be put on the mental health caseload, meaning "the inmate has to be cleared by a mental health team member before any disciplinary action is to take place." *Id.* at 2. Plaintiff alleges that the "mental health team failed to place the Plaintiff on the caseload thus denying the Plaintiff of the benefits, services and programs by reasons of his disability." *Id.* He also argues that, because he was excluded from the LMHA Restrictions Program, Trevino and Nunez "did not enforce or adopt 'policy' that inmates with mental health disabilities should be exempt or excluded from disciplinary actions based on their mental health disabilities." *Id.* at 4. According to Plaintiff, "Defendants failed to follow their own rules[, and] this policy violation caused the Plaintiff harm." *Id.* at 5.

Plaintiff's objection largely fails to point to any errors within the M&R; rather, Plaintiff adds additional factual allegations for the Court to consider. *See generally id.* Reviewing the M&R's analysis of Plaintiff's ADA/RA claims de novo, and taking Plaintiff's objection into consideration, the Court agrees with the M&R's conclusion that "Plaintiff's ADA/RA claims . . . constitute thinly veiled challenges to his disciplinary conviction." (D.E. 12, p. 12); *see*

*Gutierrez Martinez v. Ross-Taylor*, No. 02-11083, 2003 WL 21140057, at *1 (5th Cir. Apr. 23, 2003). As such, the Court agrees that Plaintiff "cannot bring his ADA/RA claims 'absent a showing the [disciplinary hearing results have] been overturned or otherwise declared invalid, which he has not done.'" (D.E. 12, p. 12) (quoting *Williams v. Bergt*, No. 5:18cv63, 2019 WL 7560433, at *2 (E.D. Tex. Apr. 15, 2019) (Craven, Mag. J) *adopted by* No. 5:18-CV-00063, 2019 WL 5558060, at *2 (E.D. Tex. Oct. 29, 2019) (Schroeder, J.)).

Moreover, Plaintiff fails to plead sufficient facts to support his ADA/RA claims because Plaintiff cannot show that Defendants discriminated against him because of a disability while having actual knowledge of an ADA or RA violation.[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring a complaint to allege sufficicient factual matter which, if taken as true, would state a claim for relief). Plaintiff has indicated that he was not eligible to participate in the LMHA Restrictions Program at the time of his disciplinary hearing because he was not placed on the mental health caseload. (D.E. 15, p. 2). Plaintiff has not alleged that any of the defendants in this matter had the authority to place him on the mental health caseload. *See id.* at 2–3. Rather, Plaintiff specifically states that the "mental health team" failed to place him on the mental health caseload. *Id.* at 2. Plaintiff seems to argue that if Trevino had allowed a mental health team member to participate in Plaintiff's disciplinary proceedings, he or she would have put Plaintiff on the mental health caseload, and he would not have had to participate in disciplinary proceedings. *See id.* at 2–4. As such, Plaintiff's complaint against Trevino (and thus against Nunez for not overturning Trevino's decision), *see* (D.E. 12, p. 12), appears to be that Defendants discriminated against him by not allowing a mental health team

---

[1] The Court assumes—for purposes of this Order only—that Plaintiff has a qualifying disability.

3 / 7

member to be at his disciplinary proceeding—not that Trevino could have placed Plaintiff in the LMHA Restrictions Program and did not do so. *See* (D.E. 15, p. 3–4).

However, for intentional discrimination to exist, a defendant must "at least have actual notice of a violation." *Miraglia v. Bd. of Supervisors of the La. State Museum*, 901 F.3d 565, 575 (5th Cir. 2018). Even if Trevino knew about the LMHA Restrictions Program and Plaintiff's alleged disability, Plaintiff fails to sufficiently allege that Trevino was on notice that she was violating the ADA/RA by not bringing in a mental health team member to the disciplinary proceeding to explain the program. *See* (D.E. 15). Plaintiff has alleged conclusory and insufficient facts to indicate that Defendants discriminated against him because of his alleged disability (his mental health issues) and with knowledge of an ADA or RA violation. *See id.*; *Iqbal*, 556 U.S. at 678; 42 U.S.C. § 12132; 29 U.S.C. § 794(a).

Moreover, to the extent that Plaintiff claims he was denied "reasonable accommodations" by Trevino's failure to allow a mental health team member to explain the LMHA Restrictions Program, *see* (D.E. 15, p. 3), his claim fails to allege sufficient facts that would raise his "right to relief above the speculative level," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To succeed on a reasonable accommodation claim, "Plaintiff must show he was treated differently because of his qualified disability." *Thomas v. Carter*, No. 2:22-CV-00133, 2022 WL 16587238, at *8 (S.D. Tex. Oct. 4, 2022) (Neurock, Mag. J.) *adopted by* No. 2:22-CV-00133, 2022 WL 16577873, at *1 (S.D. Tex. Oct. 31, 2022) (Morales, J.). Plaintiff fails to sufficiently allege facts that would indicate whether or how he was treated differently than other prisoners because of his disability. Moreover, to succeed on his reasonable accommodation claim, Plaintiff must have requested an accommodation in direct and specific terms. *See Windham v. Harris Cnty., Tex.*, 875 F.3d 229, 237 (5th Cir. 2017).

Plaintiff provides no factual allegations indicating that he did so. Rather, Plaintiff alleges merely that Trevino "denied [his] mental health records during [his] disciplinary hearing[.]" (D.E. 9, p. 1). Thus, having conducted a de novo review of this portion of the M&R, the Court **OVERRULES** Plaintiff's objection regarding his ADA and RA claims. (D.E. 15).

### B. Plaintiff's Due Process Claims

Plaintiff also asks that all his due process claims be dismissed without prejudice, (D.E. 15, p. 5), rather than with prejudice as the M&R recommends, (D.E. 12, p. 1–2). Plaintiff is bringing due process claims against Trevino and Nunez in their official and individual capacities, presumably under 42 U.S.C. § 1983. The M&R recommends that Plaintiff's due process claims against Trevino and Nunez in their official capacity be dismissed without prejudice as barred by the Eleventh Amendment. (D.E. 12, p. 1, 7). However, the M&R also recommends that Plaintiff's due process claims against Trevino and Nunez in their individual capacities be dismissed with prejudice as frivolous and/or for failure to state a claim for relief. *Id.* at 8–9, 14 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). Plaintiff requests that his due process claims be dismissed without prejudice "pending Plaintiff's submission of his Habeas Corpus 2254 application for disciplinary charges so that the Plaintiff can demonstrate that he has achieved the requisite relief." (D.E. 15, p. 5).

Upon review, the Court agrees that Plaintiff's due process claims against Trevino and Nunez in their official capacities should be dismissed without prejudice as the dismissal is based on Eleventh Amendment immunity, rather than an adjudication on the merits. *See* (D.E. 12, p. 1, 7); *Darlak v. Bobear*, 814 F.2d 1055, 1064 (5th Cir. 1987) (holding that dismissal based on Eleventh Amendment grounds "does not constitute a judgment on the merits"). As to Plaintiff's § 1983 claims against Trevino and Nunez in their individual capacities, the Court

again agrees with the M&R that Plaintiff's claims should be dismissed with prejudice as the claims are frivolous and fail to state a claim for relief considering the *Heck* doctrine. *See* (D.E. 12, p. 8–9) (referencing *Heck*, 512 U.S. 477). If a court is dismissing actions that are not cognizable § 1983 claims under *Heck* with prejudice, the Fifth Circuit has noted that the following dismissal language is preferable: "Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (1996); *see also Clifford v. Doe*, 303 F. App'x 174, 176 (5th Cir. 2008) (per curiam) (finding that "the district court did not err when it dismissed [defendant's] due process claim arising from the disciplinary proceeding in which he lost good time credit with prejudice until the *Heck* conditions were met"). As such, the Court will dismiss Defendant's due process claims against Trevino and Nunez in their individual capacities with prejudice to their being asserted again until the *Heck* conditions are met. *See Johnson*, 101 F.3d at 424.

## II. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 15), and **ADOPTS** the M&R as modified, (D.E. 12). Accordingly:

(1) Plaintiff's § 1983 due process claims for money damages against Major Rosalinda Trevino and Deputy Warden Juan Nunez in their official capacities are **DISMISSED without prejudice** as barred by the Eleventh Amendment. (D.E. 1).

(2) Plaintiff's § 1983 due process claims against Trevino and Nunez in their individual capacities are **DISMISSED with prejudice** to their being asserted again until the *Heck* conditions are met. (D.E. 1).

(3) Plaintiff's ADA, RA, and TEX. REV. CIV. STAT. Ann. art. 6166a claims against Defendants are **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (D.E. 9-

1; D.E. 10, p. 16–17).

(4) The Court **ORDERS** that the dismissal of this case count as a strike for the purposes of 28 U.S.C. § 1915(g). The Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
December 15, 2022